UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| O.J.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00064-SNLJ |
| ) | |
| A2B Cargo Logistics, Inc., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On April 19, 2021, Gregory Peet filed a civil action on behalf of plaintiff O.J.P., his minor child. (Docket No. 1). The complaint names A2B Cargo Logistics, Inc., A2B Cargo, Inc., and Coleman Strachman as defendants. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

All of plaintiff's claims arise from a 2019 motor vehicle accident that occurred in Kentucky. Plaintiff alleges that the accident was caused by Coleman Strachman while he was driving a commercial motor vehicle as an employee of the A2B Cargo defendants. According to plaintiff, A2B Cargo Logistics, Inc. and A2B Cargo, Inc. are corporations domiciled in Illinois, while Coleman Strachman is an individual domiciled in North Carolina.

An action of this type may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

In this case, as noted above, no defendant resides in this judicial district. Furthermore, none of the events giving rise to plaintiff's claims occurred here. Finally, there is more than one district in which this action may be otherwise brought. Accordingly, the Court concludes that none of the requirements of 28 U.S.C. § 1391(b) are present in this judicial district, meaning that venue here is improper.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). While the claims alleged in the complaint appear serious, the Court has determined that it is not in the interest of justice for the Court to transfer this action. Specifically, there is more than one district in which this action may be brought. If the Court were to transfer this matter, it would deprive plaintiff of the choice of judicial district, and potentially force him to litigate in a district he finds inconvenient. Therefore, the Court will dismiss this action without prejudice, due to improper venue. Nothing in this Memorandum and Order shall be construed as an opinion concerning the merits of plaintiff's claims, nor shall it be construed as precluding plaintiff from filing this case in a judicial district where venue is proper.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1406(a). A separate order of dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED AS MOOT**.

Dated this 27th day of April, 2021.

*[signature]*
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE